**Opinion filed January 6, 2011**



## In The

# Eleventh Court of Appeals

_____

### Nos. 11-09-00259-CR & 11-09-00260-CR

_____

### RONNIE WAYNE EDWARDS, Appellant

### V.

### STATE OF TEXAS, Appellee

**On Appeal from the 91st District Court**

**Eastland County, Texas**

**Trial Court Cause Nos. 21913 & 21914**

### M E M O R A N D U M   O P I N I O N

The jury convicted Ronnie Wayne Edwards of aggravated assault[1] and aggravated kidnapping.[2] The jury assessed his punishment for each offense at confinement for twenty years and a $10,000 fine. We affirm.

### *Issues on Appeal*

In each case, appellant contends that the evidence is both legally and factually insufficient. Appellant argues that, because the victim testified that she was not in a state of fear

---

[1]Cause No. 11-09-00259-CR.

[2]Cause No. 11-09-00260-CR.

and that appellant did not restrict her movements, the evidence is insufficient to support the convictions.

*Standard of Review*

We note at the outset of our analysis that the Texas Court of Criminal Appeals has now held in *Brooks v. State*, 323 S.W.3d 893 (Tex. Crim App. 2010), that there is "no meaningful distinction between the *Jackson v. Virginia*[3] legal-sufficiency standard and the *Clewis*[4] factual-sufficiency standard"; that the *Jackson v. Virginia* standard is the "only standard that a reviewing court should apply in determining whether the evidence is sufficient to support each element of a criminal offense that the State is required to prove beyond a reasonable doubt"; and that "[a]ll other cases to the contrary, including *Clewis*, are overruled." *Brooks*, 323 S.W.3d at 894, 902, 912 (footnotes added). Accordingly, a challenge to the factual sufficiency of the evidence is no longer viable. We also note that appellant did not have the benefit of the opinion in *Brooks* when this case was briefed. We will review appellant's factual sufficiency challenge under the legal sufficiency standard set forth in *Jackson v. Virginia*. Under this standard, we must review all of the evidence in the light most favorable to the verdict and determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307; *Brooks*, 323 S.W.3d at 899.

*Evidence at Trial*

Texas Ranger Lancer Shane Morrow testified that, at 11:00 a.m., he was called by local law enforcement officers to a hostage situation inside a residence in Ranger, Texas. Appellant was sitting on the couch with the victim. He was holding a knife in his right hand to the victim's right abdominal area. Appellant had his left arm around the victim's back. In his left hand, he was holding another knife to the victim's left abdominal area. Ranger Morrow testified that the victim was a paraplegic.

Ranger Morrow stated that appellant became "increasingly agitated and aggressive." Appellant told Ranger Morrow that he was prepared to die but that he was going to kill the victim first if his demands were not met. Appellant wanted the charges pending against him in both Eastland and Stephens counties dropped. While appellant was talking, the victim was crying out for appellant to stop "poking" her and not to "cut" her. Appellant told the victim to

---

[3]*Jackson v. Virginia*, 443 U.S. 307 (1979).

[4]*Clewis v. State*, 922 S.W.2d 126 (Tex. Crim. App. 1996).

"shut up" and be still or he would cut her. Ranger Morrow was concerned for the victim's safety and told appellant that he would try to help appellant. After Ranger Morrow called for a SWAT team, appellant surrendered the knives.

Ranger Morrow testified that, based on his experience, appellant was using deadly force and was interfering substantially with the victim's liberty. The entire situation lasted four hours.

Electra Police Officer Brian Vest testified that, when he was previously employed by the Ranger Police Department, he was dispatched to the residence where appellant was holding the victim. When Officer Vest arrived, appellant yelled, "Get the 'F' off my porch or I'll gut this bitch." Officer Vest took appellant's threat seriously and called for backup. The officers entered the residence and saw that the victim's wheelchair was empty. The victim was on the couch with appellant. Appellant was holding a fillet knife to the victim's throat. When the officers raised their weapons, appellant said that he would "gut" the victim. The officers negotiated with appellant that they would lower their weapons if appellant would lower the knife.

Appellant was agitated and was talking about drug dealers. He requested that the media come to the residence so that he could talk about the corruption in Ranger. Appellant had a knife in each hand and was holding each knife against the victim. Appellant allowed the victim to go to the restroom but only if he escorted her. The entire episode lasted four hours.

Eastland County Deputy Sheriff Major Ben Yarbrough and Eastland County Deputy Sheriff Windell Light testified to substantially the same events as Officer Vest and Ranger Morrow.

Appellant called the victim as a witness. The victim testified that she and appellant had been living together for almost four years. She stated that they were having a disagreement. The victim stated that, when Officer Vest came into the house, he had his gun pulled and appellant was not holding a knife to her. The victim testified that she was "a little bullheaded" and would lose her temper at times. The victim believed that she and appellant would have settled their disagreement if the Ranger Police Department had not interfered.

*Analysis*

Ranger Morrow, Officer Vest, Deputy Yarbrough, and Deputy Light testified that appellant threatened the victim and restrained her movements by holding two knives to her abdomen. The victim denied that appellant had threatened her or restrained her movements. As the factfinder, the jury was the sole judge of the weight and credibility of the witnesses'

testimony. TEX. CODE CRIM. PROC. ANN. art. 36.13 (Vernon 2007), art. 38.04 (Vernon 1979). The jury was free to accept or reject any or all of the various witnesses' testimony. When viewed in the light most favorable to the verdict, a rational jury could have found that appellant committed both offenses. The evidence is legally sufficient to support both convictions. The sole issue is overruled in each case.

*Holding*

The judgments of the trial court are affirmed.

TERRY McCALL

JUSTICE


January 6, 2011

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Wright, C.J.,
McCall, J., and Strange, J.